UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN BEETLER, | ) | CASE NO. 5:11CV132 |
| Plaintiff, | ) ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | ) ) | |
| TRANS-FOAM, INC., et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court upon the Motion to Certify[1] filed by Plaintiff, Bryan Beetler on October 17, 2011 in this Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111.01 et seq., action. ECF Dkt. #22. On October 31, 2011, Defendants, Trans-Foam, Inc. and Todd Jordan filed an opposition brief. ECF Dkt. #25. On December 1, 2011, Beetler filed his reply brief, ECF Dkt. #27, as well as an amended complaint that added Plaintiffs, Ronald Ortagus, Kelvin Wims, and Paul Aidala. ECF Dkt. #26.

The FLSA requires an employer to compensate an employee at a higher rate for any hours worked in excess of the regulated forty-hour work week. 29 U.S.C. §207(a)(1). As a threshold requirement for recovering unpaid wages under the FLSA, the plaintiff must show: (1) the existence of "an employer-employee relationship between the relevant parties within the meaning of the Act"; and (2) "that the parties were engaged in activities covered by the Act." *Herman v. Palo Group Foster Home*, 976 F.Supp. 696, 701 (W.D.Mich.1997); *Kowalski v. Kowalski Heat Treating Co.*, 920 F.Supp. 799, 806 (N.D.Ohio 1996). To meet his *prima facie* case, the employee also bears the burden to prove that he is entitled to work for which the employer did not compensate him. *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir.1999); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946).

---

[1] Although the motion is captioned "Motion to Certify," it is, in fact, a motion for conditional certification pursuant to 29 U.S.C. §216(b).

The FLSA permits an action to be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A willful violation exists when an employer knew or recklessly disregarded the fact that its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

A plaintiffs asserting an FLSA violation can bring a representative action for similarly situated persons if two requirements are met: "(1) the plaintiffs must actually be 'similarly situated,' and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir.2006)(citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. *Id.*

In a FLSA collective action, the plaintiffs bear the burden at all times to demonstrate that the class is similarly situated. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996). Nevertheless, this burden is lighter than "that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively." *Gonzales v. Hair Club for Men, Ltd., Inc.*, No. 6:06–cv–1762, 2007 WL 1079291, at *2 (M.D.Fla. Apr.9, 2007) (citing *Grayson*, 79 F.3d at 1096). The plaintiffs need only demonstrate that their positions are "similar, not identical" to the positions held by the potential plaintiffs. *Grayson*, 79 F.3d at 1096.

The Sixth Circuit recently observed that plaintiffs are similarly situated when they suffer from "a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir.2009). The *O'Brien* Court explained, that "[s]howing a 'unified policy' of violations is not required" to support certification of a collective action. *Id.* at 584. Rather, plaintiffs may also meet the similarly situated requirement if they demonstrate, at a minimum, that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*

2

Courts use a "two-phase inquiry" to determine whether to certify a collective action under the FLSA. During the first stage, the standard for certification requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. See *Comer*, 454 F.3d at 547. While "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs," *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir.2009), requests for conditional certification "typically result[ ] in 'conditional certification' of a representative class." *Hipp v. Liberty Nat'l Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir.2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1297, 1204 (5th Cir.1995)).[2]

In making its determination of conditional certification, the Court considers: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether evidence of a "widespread" discriminatory plan affecting those plaintiffs was maintained by the Defendant. *Mehmedi v. La Dolce Vita Bistro, LLC*, 1: 10CV 1591 (N.D.Ohio Nov. 17, 2010) (citing *Berger v. Cleveland Clinic Foundation*, 2007 WL 2902907 (N.D.Ohio Sept.29, 2007)).

Although some courts have concluded that the standard in Rule 56(e) applies to affidavits submitted in support of a motion for conditional certification, *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862 (S.D.Ohio 2005); *Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630, 2004 WL 2211691, at *1 (D.Conn. Sept. 28, 2004); *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV-04-642-HU, 2004 WL 1675925, at *10 (D.Or.2004); *Clark v. Dollar Gen. Corp.*, No. 3:00-0729, 2001 WL 878887, at *2 (M.D.Tenn. May 23, 2001), other courts have found that affidavits submitted in support of a § 216(b) motion need not meet the standard set forth in Rule 56(e). *Monroe v. FTS USA,*

---

[2]Once the district court grants conditional certification, potential plaintiffs receive notice informing them of their right to "opt-in" to the law suit. The second phase of the class certification process under the FLSA takes place upon the completion of discovery, when the court has more information about the plaintiff and potential class members. *Comer*, 454 F.3d at 547. During this phase, the court employs a stricter standard to determine whether the plaintiff and the class members are similarly situated. *Id.* citing *Morisky v. Pub. Serv. Elec. & Gas. Co.*, 111 F.Supp.2d 493, 497 (D.N.J.2000)). At this point, the defendant may move to decertify the class, making a "fact-specific inquiry" into the plaintiff's showing that she is similarly situated to the opt-in plaintiffs. *Williams, supra,* citing *Goldman v. Radioshack Corp.*, 2003 WL 21250571, at *8 (E.D. Pa. April 16, 2003).

3

*LLC,* 257 F.R.D. 634 (W.D.Tenn.2009); *White v. MPW Industrial Services*, 236 F.R.D. 363 (E.D.Tenn. 2006). This Court favors the latter view, as "to require more at this stage of litigation would defeat the purpose of the two-stage analysis." *Id.*

Due to the lenient standard at the conditional certification stage, a court does not resolve factual disputes or make credibility determinations at this stage. *Snide v. Discount Drug Mart, Inc.,* 2011 WL 5434016, *4 (N.D.Ohio). This lenient standard "typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (internal quotations and citations omitted). Conditional certification orders are not appealable. *Comer*, 454 F.3d at 549.

According to Beetler's affidavit, he was a full-time general laborer employed by Trans-Foam and, although he often worked more than forty hours a week, Defendants did not pay him time and one-half of his regular pay. ECF Dkt.#24, Affidavit of Bryan Beetler, ¶2, 4. For work beyond forty hours a week, Defendants paid Beetler more than his straight-time rate, but less than time and one-half. *Id.* at ¶5. Beetler has attached pay stubs to his affidavit that support his averments.

The remainder of Beetler's affidavit reads:

During my employment with Defendants, I had numerous conversations with former co-workers who indicated to me that they were also not paid time and one-half for hours worked beyond forty (40) per week. Some of my co-workers and I complained to Todd Jordan about Defendants' failure to pay time and one-half, but to no avail. The co-workers with whom I spoke were general laborers of Defendants, and other job titles.

*Id.* at ¶6-7.

Based upon the information provided in the affidavit, Beetler seeks to conditionally certify a class of "all persons who currently work or have worked for Defendants at any time between January 1, 2008 and present." ECF Dkt. #23-3, Proposed Order, p. 1. Defendants argue that Beetler's affidavit does not fulfill the lenient standard of proof required at the conditional certification stage. In their opposition brief, Defendants underscore the fact that Beetler does not identify the "former co-workers," nor their job descriptions or even the company for which they worked. Defendants assert that it is not even clear whether the individuals work for Trans-Foam or another of the Todd Jordan companies. ECF Dkt. #25, Opposition Brief, p. 151.[3] While the

---

[3]Page numbers refer to the "PageID" number in the electronic filing system.

reference to "co-workers" suggests that Beetler is referring to former employees of Trans-Foam, it is true that the affidavit provides no explanation regarding the positions held by the former employees.

Plaintiffs appear to attempt to remedy the deficiencies in the Beetler affidavit with their Amended Complaint. All four of the plaintiffs are identified as full-time, general laborers who were jointly employed by Trans-Foam and the principal owner of Trans-Foam, Jordan, from 2008 to 2010. ECF Dkt. #26, Amended Complaint, ¶2. Beetler and the three new plaintiffs allege that they regularly worked fifty-five hours a week, but were not paid one and one-half times their regular hourly work rate. *Id.* at ¶23-24. Furthermore, the amended complaint identifies a more limited class: all former and current employees of Defendants Trans-Foam, Inc. and Todd Jordan who at any time between January 20, 2008 and the present worked as general laborers or a similarly situated position and who were not paid time and one-half for work beyond forty hours. *Id.* at ¶28.

Although the class identified in the Amended Complaint is more closely circumscribed than the class identified in the proposed order, it is still overly-broad based upon the allegations in the Amended Complaint and the Beetler affidavit. First, there is no allegation in the Amended Complaint or the Beetler affidavit to support Plaintiffs' claim that the overtime policy extends beyond the Trans-Foam facility. Moreover, although Beetler contends that Trans-Foam employees with "other job types" have been subject to the alleged policy, the allegation is too vague for the purposes of conditional certification. Accordingly, the class is limited to all former and current full-time general laborers of Trans-Foam who were employed by trans-Foam between January 1, 2008 to the present.

Next, Beetler asks this Court to toll the statute of limitations as of the date that the complaint was filed, January 20, 2011. By statute, the limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action. 29 U.S.C. § 256(b). Nevertheless, the FLSA statute of limitations, like any other federal limitations period, is subject to the doctrine of equitable tolling. See *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187–88 (6th Cir.2008). The Supreme Court has cautioned that federal courts should invoke the doctrine of equitable tolling "sparingly." *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453,

112 L.Ed.2d 435 (1990). The doctrine applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000). A plaintiff bears the burden to demonstrate why he is entitled to equitable tolling of the statute of limitations. See *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004).

The resolution of the issue is fact-specific and is applied on a case-by-case basis to prevent inequity. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998). Application of the doctrine requires fact-finding with regard to the individual plaintiff's knowledge, diligence, and conduct, including whether the plaintiff had actual or constructive notice of the filing requirement, the plaintiff's diligence in pursuing his rights, and the plaintiff's reasonableness in remaining ignorant of any particular legal requirements. *Id.*; *Lyons v. Metropolitan Gov't of Nashville & Davidson County*, 416 Fed.Appx. 483, 2011 WL 1042271, at *8 (6th Cir. Mar.22, 2011). Beetler's request that the court declare the statute of limitations be equitably tolled on behalf of absent parties is therefore premature.[4]

The number of opt-in plaintiffs, their identities, and their individual circumstances are at present unknown. The statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), which Defendants have not asserted with regard to the claims of any opt-in plaintiff. If and when that defense is asserted, the burden will be on each opt-in plaintiff to demonstrate facts satisfying the Sixth Circuit's requirements for the application of the doctrine of equitable tolling.[5]

Finally, courts may facilitate FLSA collective actions by authorizing notice of the suit to potential plaintiffs. *Hoffmann–La Roche, Inc., v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107

---

[4] Beetler does not allege any action on the part of Defendants to prevent the potential class from asserting its rights nor does he allege that his own failure to file this action at an earlier date unavoidably arose from circumstances beyond his control.

[5] A collective action under the FLSA is not a certified Rule 23 class action, and, therefore, the original plaintiffs accordingly do not represent absent parties. See *Hoffmann–LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). In a section 216(b) action, the named plaintiffs have "no right" to represent potential opt-in parties. *Cameron–Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1249 (11th Cir.2003).

L.Ed.2d 480 (1989). The FLSA "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170. Thus, the Court will supervise notice so to provide potential plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

Defendants have not objected to the proposed order, notice, and consent form submitted with the motion to certify. Although Defendants have not objected to the length of the proposed opt-in period, the Court finds that a forty-five day opt-in period, rather than the proposed ninety-day period, satisfies the need to prevent delay in this litigation while also allowing potential plaintiffs time to fully consider their options. District courts in Ohio have recognized that a forty-five day opt-in period is more efficient than a longer opt-in period. See *Snide, supra; Heaps v. Safelite Solutions, LLC*, 2011 WL 1325207, *9 (S.D.Ohio); *Baden–Winterwood v. Life Time Fitness*, 2006 WL 2225825, *3 (S.D.Ohio) ("sixty (60) days is too long and would needlessly delay the litigation"). Thus, the notice should include that the potential plaintiffs shall have forty-five (45) days to return their consent form to opt-in to this action.

Accordingly, the motion to certify is GRANTED to the extent described in this memorandum opinion and order. Plaintiffs shall revise the proposed order, notice, and consent form to reflect the modified terms described herein. The proposed order and consent form shall be submitted for the Court's approval on or before December 15, 2011.

IT IS SO ORDERED.

DATE: December 8, 2011

                                                */s/   George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE